GENIEVA NORMA WAKLEY, PRO AMI

*vs.*

ANDROSCOGGIN AND KENNEBEC RAILWAY COMPANY

*and*

DONOGHUE'S EXPRESS COMPANY.

CHARLES NORMAN WAKLEY, PRO AMI *vs.* SAME.

WILLIAM SCHOFIELD ROGERS, PRO AMI *vs.* SAME.

CHARLES J. WAKLEY *vs.* SAME.

CHARLES J. WAKLEY, ADMINISTRATOR *vs.* SAME.

HARRISON JACK WAKLEY, PRO AMI *vs.* SAME.

ARLENE ROGERS *vs.* SAME.

Sagadahoc County.  Decided March 4, 1935.  Seven suits, tried together, with verdicts for each plaintiff, come up on defendant's motions for new trials.

They arose from personal injuries inflicted on five children of primary school age, when a motor truck owned by Donoghue's Express Company crashed into and through a small waiting room owned and operated by the defendant electric railway company.

The waiting room stood at the left of the tracks of defendant company, and but very few feet to the left of the highway, as an electric train and the motor truck approached a grade crossing.

Before the submission of evidence was completed, actions against the express company were discontinued, and the trial proceeded

against the railway company for damages consequent upon its negligence, whether alone or jointly with the express company.

On sharply contested issues the jury found the railway company liable. The issues were in the main on questions of fact. In the evidence we find much to prove that the motorman of the electric train approached the highway and crossed it without the giving of warning and without the degree of control of his train that would be required of him, if he could see, as he was bound to see, a motor truck speeding up the highway toward inevitable collision; that the motor car of the electric train and the truck came to collision near the left margin of the highway; that either locked together or in mere contact, train and truck rushed past the waiting room, the truck demolishing the building in passing, and the injuries were inflicted while the moving vehicles swept by and ran several rods beyond the site of the building.

On the whole evidence the negligence of the express company is established beyond question, and this court is to say whether the evidence as to the conduct of the agents of the railway company should justify a jury in finding it negligent.

If the jury believed the evidence for the plaintiffs, there is enough therein to support the verdicts, and painstaking study of the record fails to reveal motive other than the logical process of well ordered minds in arriving at the result reached. In view of what this court has held in the recent opinion in *Bedell* v. *Androscoggin & Kennebec Railway Company* nothing further need be said. The mandate is, Motions overruled. *Locke, Perkins & Williamson, Louis A. Jack,* for plaintiffs. *Skelton & Mahon, John P. Carey,* for Androscoggin and Kennebec Railway Company. *Robinson & Richardson,* for Donoghue's Express Company.